1   Jason M. Ingber (SBN 318323)
    **Ingber Law Group**
2   3580 Wilshire Blvd., Suite 1260
    Los Angeles, California 90010
3   Tel: (213) 805-8373
    E-mail: ji@jasoningber.com
4
    Attorneys for Plaintiff Aliza Ingber
5

6                        **UNITED STATES DISTRICT COURT**

7              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

8                            **WESTERN DIVISION**

9

10  | ALIZA INGBER, individually and on behalf | Case No.: |
11  | of all others similarly situated, | |

12  |                    Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
    |         v. | |
13  | | **(1) VIOLATIONS OF CONSUMER** |
    | GROUPON, INC., a Delaware corporation and | **LEGAL REMEDIES ACT (Cal. Civ.** |
14  | DOES 1 through 10, inclusive, | **Code § 1750 et seq.)** |
    | | **(2) VIOLATIONS OF CAL. BUS. &** |
15  |                    Defendants. | **PROF. CODE § 17200 et seq.** |
    | | **(3) FRAUD** |
16

17

18                                     **DEMAND FOR JURY TRIAL**

19

20

21

22

23

24

25          Plaintiff Aliza Ingber ("Plaintiff"), individually and on behalf of all others

26  similarly situated, complains and alleges as follows:

27                              **INTRODUCTION**

28

1.     This is a class action against Groupon, Inc. ("Groupon" or "Defendant") for engaging in unfair, unlawful, and fraudulent business practices in connection with the sale of vouchers for entertainment and attraction tickets.

2.     Defendant Groupon operates an e-commerce marketplace that connects subscribers with local merchants by offering goods and services at a discount. Groupon markets itself as offering "the best deals" that allow consumers to "discover local experiences" while saving money.

3.     Plaintiff and Class Members purchased vouchers from Groupon's marketplace for admission to theme parks and attractions, including Universal Studios Hollywood. However, due to Groupon's defective platform design, Plaintiff and Class Members were unable to redeem their vouchers when they attempted to use them.

4.     Specifically, Groupon's platform has a critical design flaw that allows consumers to open vouchers only one time. If the voucher fails to display properly during that single opportunity, consumers have no recourse to retrieve their voucher and are unable to access the tickets they purchased.

5.     Even more problematic, Groupon's customer service system is deliberately designed to be inaccessible to "guest" purchasers, forcing consumers to purchase new tickets at full price at the venue, resulting in substantial financial losses.

6.     Despite repeated requests for refunds, Groupon has systematically denied or ignored legitimate refund requests, forcing consumers to pay twice for entertainment experiences.

7.     Through this action, Plaintiff seeks to put an end to Groupon's unfair, fraudulent, and deceptive business practices and to recover appropriate damages and restitution for herself and the proposed Class.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a

class action in which some members of the Class are citizens of states different than Defendant.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Plaintiff resides in this District, Defendant conducts substantial business in this District, and the subject matter of this litigation— including a visit to Universal Studios Hollywood-occurred within this District.

## PARTIES

10.     Plaintiff Aliza Ingber is a resident of Los Angeles County, California. In or about 2024, Plaintiff purchased vouchers through Groupon for admission tickets to Universal Studios Hollywood for herself and her children.

11.     Defendant Groupon, Inc. is a Delaware corporation with its principal place of business at 600 West Chicago Avenue, Suite 400, Chicago, Illinois 60654. Groupon does business throughout California and the United States, marketing and selling vouchers for goods and services, including entertainment and attraction tickets for venues like Universal Studios Hollywood.

## FACTUAL ALLEGATIONS

**Plaintiff's Experience**

12.     In 2024, Plaintiff planned a visit to Universal Studios Hollywood with her children. Looking to save money, she discovered that Groupon offered Universal Studios admission tickets at a discount of approximately $30 per ticket compared to the theme park's official website.

13.     Based on Groupon's advertisements and representations about the savings and convenience of its platform, Plaintiff purchased two discounted admission tickets for her children through Groupon's website.

**COMPLAINT FOR DAMAGES**

14.     Plaintiff completed the purchase as a "guest" user, rather than signing into or creating a Groupon account, which Groupon represented was a legitimate purchase option on its platform.

15.     On the day of the planned visit, Plaintiff and her children arrived at Universal Studios Hollywood. While waiting in line at the theme park entrance in the Los Angeles heat, Plaintiff attempted to access the Groupon vouchers on her mobile device.

16.     When Plaintiff clicked the link to access her vouchers, the page opened to a blank screen. No voucher information, barcode, or ticket details appeared.

17.     Plaintiff attempted to refresh the page and access the vouchers again, but discovered that Groupon's platform design permits users to open each voucher only once. After the initial attempt, the system does not allow customers to access their vouchers again, even if the initial display fails.

18.     With no access to her purchased tickets, Plaintiff attempted to contact Groupon's customer service for immediate assistance.

19.     Plaintiff discovered that Groupon's customer service chat feature is only available to users who are logged into a Groupon account. Since she had purchased the tickets as a "guest," she was unable to access this critical customer support resource when she needed it most.

20.     Due to Groupon's inaccessible customer service and the inability to access her legitimately purchased tickets, Plaintiff was forced to purchase two additional full-price admission tickets to Universal Studios Hollywood, paying the full retail price for the same tickets she had already purchased through Groupon.

21.     This resulted in Plaintiff paying twice for the same service once through Groupon and again directly from Universal Studios-causing significant financial harm.

22.     Following this incident, Plaintiff made multiple attempts over a period of several months to obtain a refund from Groupon for the unusable tickets.

- 4 -
**COMPLAINT FOR DAMAGES**

23.    Despite numerous emails, messages, and refund requests, Groupon consistently provided vague, non-responsive replies and ultimately refused to refund the money for tickets that Plaintiff was unable to use due to Groupon's defective platform.

**Groupon's Deceptive Business Practices**

24.    Groupon's business model depends on encouraging consumers to purchase vouchers for discounted goods and services, including theme park and entertainment venue tickets..

25.    Groupon's platform contains a critical design flaw that allows users to access their purchased vouchers only once. If the voucher fails to display properly during that single opportunity—whether due to technical issues, connectivity problems, or other factors-consumers have no recourse to retrieve their voucher.

26.    This "one-time access" design is not prominently disclosed to consumers before purchase, nor is it a necessary or reasonable limitation for digital vouchers.

27.    Groupon markets its platform as user-friendly and accessible, encouraging users to purchase as "guests" without creating accounts, but then restricts critical customer service features, such as live chat support, exclusively to account holders.

28.    This creates a deliberate barrier for "guest" purchasers to obtain assistance when they experience problems with their vouchers, particularly in time-sensitive situations like arriving at an entertainment venue.

29.    Upon information and belief, Groupon has received numerous complaints about this exact issue from other consumers who were unable to access their purchased vouchers and subsequently denied refunds.

30.    Despite knowledge of these recurring problems, Groupon has failed to modify its platform to allow multiple voucher access attempts, failed to provide accessible customer service to all purchasers regardless of account status, and failed to implement a fair refund policy for consumers who cannot access their purchased vouchers.

**COMPLAINT FOR DAMAGES**

31.    Groupon's practices constitute a systematic pattern of conduct designed to profit from consumers who are unable to use the vouchers they purchase due to Groupon's intentionally flawed system design.

## CLASS ACTION ALLEGATIONS

32.    Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent the following Class: *All persons in the United States who, within the applicable statute of limitations period, purchased vouchers from Groupon for entertainment or attraction tickets, were unable to access or redeem those vouchers due to technical issues with Groupon's platform, and were denied refunds by Groupon (the "Nationwide Class").*

33.    Plaintiff also seeks to represent a subclass defined as: *All persons in the State of California who, within the applicable statute of limitations period, purchased vouchers from Groupon for entertainment or attraction tickets, were unable to access or redeem those vouchers due to technical issues with Groupon's platform, and were denied refunds by Groupon (the "California Subclass").*

34.    Excluded from the Class and Subclass are: (a) Defendant, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Defendant has a controlling interest; (b) governmental entities; (c) the judge to whom this case is assigned, the judge's staff, and members of their immediate families; and (d) all persons who make a timely election to be excluded from the Class.

35.    This action is properly maintainable as a class action because: a. The Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown at this time, Groupon has millions of users who purchase vouchers. Upon information and belief, thousands of consumers have experienced the same or similar issues with Groupon's voucher access system and refund policies. b. Common questions of law and fact exist as to all members of the Class and

**COMPLAINT FOR DAMAGES**

predominate over any questions affecting only individual Class members. These common questions include, but are not limited to:

   i.   Whether Groupon's "one-time access" voucher system is deceptive or unfair;
   ii.  Whether Groupon adequately discloses the limitations of its voucher access system;
   iii. Whether Groupon's practice of restricting customer service access to account holders in
        a. certain circumstances constitutes a violation of consumer protection laws or unfair
        b. business practices;
   iv.  Whether Groupon has a policy or practice of denying refunds to consumers who cannot
   v.   access their accounts due to technical issues, account restrictions, or other barriers;
   vi.  Whether Groupon's conduct violates California's Consumer Legal Remedies Act;
   vii. Whether Groupon's conduct violates California's Unfair Competition Law;
   viii. Whether Groupon has engaged in fraudulent conduct;
   ix.  Whether Plaintiff and Class members are entitled to restitution, and if so, the appropriate
   x.   method for calculating and distributing such restitution based on the damages suffered by consum
        due to the defendant's actions or practices;
   xi.  Whether Plaintiff and Class members are entitled to injunctive relief.

c. Plaintiff's claims are typical of the claims of the Class members. Plaintiff and all Class members were subject to the same unfair and deceptive practices by Groupon and suffered similar harm. d. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.

Plaintiff has no interests adverse or antagonistic to those of the Class. e. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages or other financial harm suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts and would increase the delay and expense to all parties and the court system. By contrast, the class action device provides the benefits of adjudication of

**COMPLAINT FOR DAMAGES**

these issues in a single proceeding, ensures economies of time, effort and expense, and provides comprehensive supervision by a single court.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT**

**Cal. Civ. Code § 1750, et seq.**

*(On Behalf of the California Subclass)*

36.     Plaintiff realleges and incorporates by reference all paragraphs alleged above.

37.     Plaintiff brings this claim individually and on behalf of the California Subclass.

38.     The California Consumer Legal Remedies Act ("CLRA") prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).

39.     Plaintiff and California Subclass members are "consumers" as defined by Cal. Civ. Code § 1761(d).

40.     Groupon's vouchers for admission to entertainment venues constitute "services" as defined by Cal. Civ. Code § 1761(b).

41.     Groupon violated and continues to violate the CLRA by engaging in the following unfair and deceptive practices in transactions with Plaintiff and California Subclass members that were intended to result in, and did result in, the sale of vouchers for entertainment tickets: a. Representing that goods or services have characteristics, uses, or benefits that they do not have (Cal. Civ. Code § 1770(a) (5)); b. Representing that goods or services are of a particular standard, quality, or grade, if they are of another (Cal. Civ. Code § 1770(a)(7)); c. Advertising goods or services with intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9)); and d. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not (Cal. Civ. Code § 1770(a)(16)).

**COMPLAINT FOR DAMAGES**

42.     Specifically, Groupon misrepresented the nature, characteristics, and quality of its voucher service by: a. Failing to disclose that vouchers could only be accessed one time; b. Misrepresenting that purchased vouchers would be accessible and usable at entertainment venues; c. Failing to disclose that customer service would be inaccessible to "guest" purchasers; and d. Misrepresenting its refund policies regarding inaccessible vouchers.

43.     Groupon's unfair and deceptive acts and practices were intended to and did result in the sale of vouchers to Plaintiff and California Subclass members.

44.     Plaintiff and California Subclass members reasonably relied upon and were deceived by Groupon's misrepresentations and omissions regarding the nature and accessibility of its vouchers.

45.     As a direct and proximate result of Groupon's violations of the CLRA, Plaintiff and California Subclass members have suffered injury in fact and lost money.

46.     Pursuant to Cal. Civ. Code § 1782, concurrently with the filing of this Complaint, Plaintiff has served Groupon with notice of its CLRA violations by certified mail, return receipt requested. The CLRA notice letter advised Groupon of its violations and demanded that Groupon remedy those violations within 30 days. If Groupon fails to provide appropriate relief for its CLRA violations within 30 days, Plaintiff will amend this complaint to seek monetary damages under the CLRA.

47.     Notwithstanding any other statements in this Complaint, Plaintiff does not currently seek monetary damages under the CLRA. Plaintiff solely seeks injunctive relief under the CLRA at this time.

48.     Plaintiff and the California Subclass members seek an order enjoining Groupon from the unlawful practices described herein, a declaration that Groupon's conduct violates the CLRA, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

**COMPLAINT FOR DAMAGES**

**Cal. Bus. & Prof. Code § 17200, et seq.**

***(On Behalf of the California Subclass)***

49.    Plaintiff realleges and incorporates by reference all paragraphs alleged above.

50.    Plaintiff brings this claim individually and on behalf of the California Subclass.

51.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

52.    In the course of conducting business, Groupon committed "unlawful" business practices by, among other things, violating the CLRA as alleged herein.

53.    Groupon has engaged in "unfair" business practices by: a. Designing a system that allows customers to access vouchers only once, without adequate disclosure of this limitation; b. Creating artificial barriers that prevent "guest" purchasers from accessing customer service when they experience problems with their vouchers; c. Systematically refusing to provide refunds when customers are unable to use vouchers due to technical issues with Groupon's platform; and d. Engineering a system that forces consumers to pay twice for the same service.

54.    These practices are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. The gravity of the harm to Plaintiff and Class members outweighs any possible utility of Groupon's conduct. There are reasonably available alternatives that would further Groupon's legitimate business interests while not engaging in the unfair practices described herein.

55.    Groupon has also engaged in "fraudulent" business practices by making misrepresentations and omissions regarding its voucher service that were likely to deceive reasonable consumers, including: a. Representing that vouchers would be accessible and usable; b. Failing to disclose that vouchers could only be accessed once; c. Representing that customer service would be available to assist with issues;

d. Failing to disclose that customer service would be inaccessible to "guest" purchasers; and e. Misrepresenting its refund policies regarding inaccessible vouchers.

56.     Groupon's misrepresentations and omissions were material to Plaintiff and California Subclass members, who would not have purchased vouchers from Groupon, or would have paid less for them, had they known the truth.

57.     As a direct and proximate result of Groupon's unfair, fraudulent, and unlawful practices, Plaintiff and California Subclass members have suffered injury in fact and lost money or property.

58.     Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and the California Subclass seek an order enjoining Groupon from engaging in the unfair, unlawful, and fraudulent business practices described herein, an order requiring Groupon to provide complete, accurate disclosures to consumers, and an order requiring Groupon to refund all monies acquired by means of any practice declared to be unlawful or unfair.

59.     Plaintiff and the California Subclass further seek an order for the disgorgement and restitution of all monies wrongfully obtained from Plaintiff and the California Subclass by means of Groupon's unfair and unlawful business practices.

<u>**THIRD CAUSE OF ACTION**</u>

**FRAUD**

***(On Behalf of the Nationwide Class)***

60.     Plaintiff realleges and incorporates by reference all paragraphs alleged above.

61.     Plaintiff brings this claim individually and on behalf of the Nationwide Class.

62.     Groupon made material misrepresentations and omissions about its voucher service, including: a. Representing that vouchers would be accessible and usable at entertainment venues; b. Failing to disclose that vouchers could only be accessed one time; c. Representing that customer service would be available to assist with issues;

- 11 -
**COMPLAINT FOR DAMAGES**

d. Failing to disclose that customer service would be inaccessible to "guest" purchasers; and e. Representing that consumers would save money by purchasing tickets through Groupon rather than directly from entertainment venues.

63.    Groupon knew these representations were false when made, or made them recklessly and without regard for their truth.

64.    Groupon intended that Plaintiff and Class members rely on these misrepresentations and omissions.

65.    Plaintiff and Class members reasonably relied on Groupon's misrepresentations and omissions when purchasing vouchers.

66.    The As a direct and proximate result of Groupon's fraud, Plaintiff and Class members suffered injury in the form of monies paid for vouchers they could not use, additional monies paid to purchase replacement tickets, and other damages.

67.    Groupon's conduct was willful, wanton, malicious, and in conscious disregard of the rights of Plaintiff and Class members, entitling them to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Certify this case as a class action pursuant to Federal Rule of Civil Procedure 23;

B. Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

C. Award declaratory and injunctive relief as permitted by law or equity, including a preliminary and permanent injunction enjoining Groupon from continuing the unlawful practices alleged herein;

D. Award restitution and disgorgement of all monies Groupon acquired by means of the unlawful practices described herein;

E. Award actual, compensatory, statutory, and punitive damages as appropriate;

**COMPLAINT FOR DAMAGES**

F. Award pre-judgment and post-judgment interest at the maximum rate permitted by law;

G. Award reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

H. Grant such other legal and equitable relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 3, 2025                    INGBER LAW GROUP

By: */s/ Jason M. Ingber*
Jason M. Ingber (SBN 318323)
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
Tel: (213) 805-8373
Email: ji@jasoningber.com
Attorney for Plaintiff

**COMPLAINT FOR DAMAGES**